**IT IS ORDERED**

**Date Entered on Docket: May 13, 2020**



_____
**The Honorable David T. Thuma**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:
Kristopher Gallen,
aka Kristopher Douglas Gallen,
aka Kristopher D. Gallen,

Case No. 20-10595-t7

Debtor(s).

### DEFAULT ORDER GRANTING WELLS FARGO BANK, N.A. RELIEF FROM STAY AND ABANDONMENT OF PROPERTY LOCATED AT 5715 STRAND LOOP SE, ALBUQUERQUE, NEW MEXICO 87106

This matter came before the Court on the Motion for Relief from Automatic Stay and

Abandonment (Real Property) located at 5715 Strand Loop SE, Albuquerque, New Mexico

87106 filed on April 13, 2020, Docket No. 15 (the "Motion") by Wells Fargo Bank, N.A.

("Movant"). The Court, having reviewed the record and the Motion, and being otherwise

sufficiently informed, FINDS:

(a)     On April 13, 2020, Movant served the Motion and a notice of the Motion (the

"Notice") on counsel of record for the Debtor(s) and the case trustee (the "Trustee") by use of

the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtor(s) by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

(b)     The Motion relates to the following property:

Lot numbered Twenty-one (21) in Block numbered Four (4), Plat of Mesa Del Sol Neighborhood Montage Unit 1, (A Replat of Tract A-2, Mesa Del Sol Innovation Park), Albuquerque, Bernalillo County, New Mexico, as shown and designated on the plat of said Subdivision, filed in the office of the County Clerk of Bernalillo County, New Mexico, on December 15, 2011, in Plat Book 2011C, Page 136, as Document No. 2011115942

(the "Property").

(c)     The Notice specified an objection deadline of 21 days from the date of service of the Notice, to which three days was added under Bankruptcy Rule 9006(f);

(d)     The Notice was sufficient in form and content;

(e)     The objection deadline expired on May 7, 2020;

(f)     As of May 8, 2020, neither the Debtor(s) nor the Trustee, nor any other party in interest, filed an objection to the Motion;

(g)     The Motion is well taken and should be granted as provided herein; and

(h)     By submitting this Order to the Court for entry, the undersigned counsel for Movant certifies, under penalty of perjury that, on May 8, 2020 Krista Jones, Bankruptcy Legal Assistant searched the data banks of the Department of Defense Manpower Data Center ("DMDC"), and found that the DMDC does not possess any information indicating that the Debtor(s) is/are currently on active military duty of the United States.

IT IS THEREFORE ORDERED:

1.     Pursuant to 11 U.S.C. §362(d), Movant and any and all holders of liens against the Property, of any lien priority, are hereby are granted relief from the automatic stay:

(a)     To enforce their rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements, and/or other agreements to which Debtor(s) is/are a party, to the extent permitted by applicable non-bankruptcy law, such as by commencing or proceeding with appropriate action against the Debtor(s) or the Property, or both, in any court of competent jurisdiction; and

(b)     To exercise any other right or remedy available to them under law or equity with respect to the Property.

2.     The Trustee is deemed to have abandoned the Property from the estate pursuant to 11 U.S.C. §554 as of the date of entry of this Order, and the Property therefore no longer is property of the estate.  As a result, Movant need not name the Trustee as a defendant in any state court action it may pursue to foreclosure liens against the Property and need not notify the Trustee of any sale of the Property.

3.     The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtor(s), although the Debtor(s) can be named as a defendant in litigation to obtain an in rem judgment or to repossess the Property in accordance with applicable non-bankruptcy law.

4.     This Order does not waive Movant's claim against the estate for any deficiency owed by the Debtor(s) after any foreclosure sale or other disposition of the Property.  Movant may file an amended proof of claim this bankruptcy case within 30 days after a foreclosure sale of the Property, should it claim that Debtor(s) owe any amount after the sale of the Property.

5.     This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

6.    This order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

7.    Movant is further granted relief from the stay to send communications directly to the Debtor in connection with proceeding against the property, including, but not limited to notices required by state law and communications to offer and provide information with regard to a potential Forbearance Agreement, Loan Modification, Refinance Agreement, Loss Mitigation Agreement, or other Loan Workout.

XXX END OF ORDER XXX

Submitted by:

TIFFANY & BOSCO, P.A.

By: /S/Electronically submitted/May 8, 2020
Karen H. Bradley
Attorney for Movant
P.O. Box 3509
Albuquerque, New Mexico 87190
Ph: (505) 248-2400   Fax: (505) 254-4722

Copies to:

James Clay Hume
Attorney for Debtor
Hume Law Firm
PO Box 10627
Alameda, NM  87184-0627

Philip J. Montoya
Trustee
1122 Central Ave SW, Ste #3
Albuquerque, NM  87102

Kristopher Gallen, aka Kristopher Douglas Gallen, aka Kristopher D. Gallen
Debtor
5715 Strand Loop SE
Albuquerque, NM  87106